IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JEFFREY WADE COOPER #137832, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:14-CV-00149 |
| | ) Senior Judge Haynes |
| TERESA MATTOX, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM

Plaintiff, Jeffrey Wade Cooper, an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 (ECF No. 1), alleging violations of his federal constitutional rights during his recent stay at the Giles County Jail in Pulaski, Tennessee.

Plaintiff alleges that since September 26, 2014, he has made multiple requests through sick calls and grievances to receive medically necessary medication and that Defendants, Nurse Lisa Seymour and Administrator Teresa Mattox, have personally received and responded to his requests, but have failed or refused to provide him with his medication. The medications in question include medications prescribed for anxiety panic disorder, high blood pressure, acid reflux and pain. Plaintiff alleges that he has been informed by a physician that one of his conditions (presumably his high blood pressure) could result in a stroke if left untreated with medication. Plaintiff alleges that all of his medications are ordinarily permitted in the jail, and that he has received them during his previous incarceration there. Plaintiff sues the Defendants solely in their official capacities and seeks money damages and injunctive relief.

The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42

U.S.C. § 1997e(c). The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "govern[] dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus,"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In evaluating the complaint, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

For his claims under 42 U.S.C. § 1983, a plaintiff must allege plausible facts of: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff sued Defendants solely in their official capacities and under § 1983 precedent, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). Accordingly, when county jail employees are sued in their official capacities, "the real

party in interest" is the county government. *Jackson v. Gill*, 70 F. App'x 249, 250 (6th Cir. 2003). Under those circumstances, a jail inmate "could not state a claim against the county because he did not allege that the denial of medical attention he experienced was due to a county policy or tolerance of a custom of such denials." *Id.* at 250–51 (citing *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 508–09 (6th Cir. 1996)).

Plaintiff here has not alleged that any policy or custom of Giles County gives rise to his injury. Thus, the Court concludes that Plaintiff's complaint fails to state a claim against the Defendants in their official capacities.

For these reasons the Court concludes this action should be dismissed without prejudice for failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the _____ day of December, 2014.

WILLIAM J. HAYNES, JR.
Senior United States District Judge